IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL STUDEBAKER, on behalf of herself and the class members described below, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STATE COLLECTION SERVICE, INC., | ) ) |
| Defendant. | ) |

**COMPLAINT -- CLASS ACTION**

**INTRODUCTION**

1. Plaintiff (Ms.) Angel Studebaker brings this action to secure redress from unlawful credit and collection practices engaged in by defendant State Collection Service, Inc. ("SCS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*,

259 F.3d 662, 666 (7th Cir. 2001).

6.   Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7.   This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8.   Venue and personal jurisdiction in this District are proper because defendant's Illinois office is located within this District.

## PARTIES

9.   Plaintiff, Angel Studebaker, is a resident of Decatur, Illinois.

10.  Defendant State Collection Service, Inc. is a Wisconsin corporation that does business in Illinois. Its principal office is located at 2509 S. Stoughton Road, Madison, WI 53716. It has an office in Illinois, at 628 North Street, Geneva, IL 60134, which it describes as its Chicago office. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11.  At all times herein relevant, SCS was engaged in the primary business of the collection of purportedly delinquent accounts for third parties.

12.  SCS uses the mails and telephone system in conducting its business.

13.  At all times herein relevant, SCS was and is a "debt collector" as that term defined by 15 U.S.C. §1692a(6) of the FDCPA.

14.  At all times herein relevant, SCS was a licensed debt collection agency with the Illinois Department of Financial and Professional Regulation.

## FACTS

15.  On or about February 3, 2016, defendant SCS sent plaintiff Angel Studebaker, the letter attached as <u>Exhibit A</u>. Plaintiff received it some days later.

16.  The letter attempted to collect health care debts allegedly incurred by Angel Studebaker.

17.  The letter invited the recipient to access a website maintained by defendant

SCS, ezpay.statecol.com, to make a payment.

18.     Payment websites are popular with debt collectors because consumers have trepidations about interacting with live debt collectors.

19.     On February 8, 2016, plaintiff Angel Studebaker received a call on her cell phone from 855-381-5674, a number used by SCS.

20.     Upon answering the call, plaintiff heard a recorded or computer-generated voice asking her to stay on the line for a representative.

21.     After holding for a while, it appeared that someone came on the line. Plaintiff inquired who was calling. At this point, SCS disconnected the call.

22.     The message did not state that the call was from a debt collector.

23.     The message did not identify the caller.

24.     On February 19, 2016, plaintiff Angel Studebaker, using the information on Exhibit A, accessed the ezpay.statecol.com website maintained by SCS.

25.     The website states that " If you choose to make payment by credit card, a service fee will be added. The service fee will be the lesser of a) 3% of the payment amount or b) $25.00. Payment by credit card is not required." Payments via ACH, check or money order did not bear a fee.

26.     Exhibit B is a true and accurate copy of the screen.

27.     The Illinois Collection Agency Act, 225 ILCS 425/9(a)(33), makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement...." On information and belief, there is no agreement authorizing such a charge.

28.     The service fee therefore may never be charged under Illinois law.

29.     Defendant represented that it may impose charges which are forbidden by Illinois law, unless plaintiffs chose to provide bank account information to defendant (inherent in paying by check or ACH) or incur additional fees (to purchase a money order).

## COUNT I – FDCPA-WEBSITE

30. Plaintiff incorporates paragraphs 1-29.

31. Defendant SCS violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by (a) referring consumers to its website and stating on the website that there is a fee for paying by credit card, (b) when no such fee may be charged in Illinois, (c) representing expressly or by implication that such fees could lawfully be charged, and (d) charging the fee.

32. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …**

**(2) The false representation of–**

**(A) the character, amount, or legal status of any debt; or**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt....**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

33. Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

35. The class consists of (a) all individuals with Illinois addresses, (b) who accessed

4

the website ezpay.statecol.com (c) or who were charged a fee for paying with a credit or debit card, (d) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

36. On information and belief, the class is so numerous that joinder of all members is not practicable.

37. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant's fee is prohibited by Illinois law;

    b. Whether representing that such fees may be charged violates the FDCPA.

38. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

40. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    i. Statutory damages;

    ii. Actual damages in favor of all class members charged the fees;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

### COUNT II – FDCPA-TELEPHONE CALL

41. Plaintiff incorporates paragraphs 1-29.

5

42. SCS' prerecorded telephone messages were "communications" within the meaning of 15 U.S.C. §§1692d(6) and 1692e(11). *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.,* 424 F. Supp. 2d 643 (S.D.N.Y 2006); *Stinson v. Asset Acceptance, LLC*, 1:05cv1026 (JCC), 2006 WL 1647134 , 2006 U.S. Dist. LEXIS 42266 (E.D.Va., June 12, 2006).

43. Defendant SCS violated 15 U.S.C. §§ 1692e(11) and 1692d(6) by calling plaintiff and playing a recorded message without disclosing what company was calling or stating that the call was for collection purposes.

44. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

45. Section 1692d provides:

**§ 1692d. Harassment or abuse**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

## CLASS ALLEGATIONS

46. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

47. The class consists of (a) all individuals with Illinois telephone numbers (based on the area code) (b) who answered calls from SCS (c) which played a recorded or computer-generated message (c) where SCS did not identify itself and state that the call was for collection

purposes (d) which call was made at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

48. On information and belief, based on the use of a recorded or computer-generated message, the class is so numerous that joinder of all members is not practicable.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. What defendant's recorded or computer-generated message says;

    b. Whether such message complies with the FDCPA.

50. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

52. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

                            s/Daniel A. Edelman
                            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

Francis M. Greene
Sarah M. Barnes
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Scott Hendricks
ALLEMAN LAW FIRM P.C.
310 East Main Street
Carbondale, Illinois 62901
(618) 319-4408

T:\33622\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                            s/Daniel A. Edelman
                                            Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, computer records, data, documents, and all other tangible things that relate to plaintiff, the use of defendant's payment website, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiffs demand that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman